UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DAVID L. PHILLIPS,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>JO ANNE B. BARNHART,<br>Commissioner of Social Security,<br><br>　　　　　　Defendant. | CASE NO.   C04-5693FDB<br><br>REPORT AND<br>RECOMMENDATION<br><br>Noted for September 9, 2005 |

This matter has been referred to Magistrate Judge J. Kelley Arnold pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Magistrates Rule MJR 4(a)(4) and as authorized by <u>Mathews, secretary of H.E.W. v. Weber</u>, 423 U.S. 261 (1976).  This matter has been fully briefed, and after reviewing the record, the undersigned recommends that the Court remand the matter for further proceedings.

<u>INTRODUCTION AND PROCEDURAL HISTORY</u>

Plaintiff, David Phillips, is approximately 57 years of age.  He completed the eighth grade at age sixteen, and he attended a GED program while in prison.  In 1996, Mr. Phillips appeared at the emergency room of Olympic Memorial Hospital, complaining of chest pain (TR 201-04).  On October 28, 1996, Mr. Phillips underwent a cardiac catheterization at Virginia Mason Medical Center (TR 215-17). On November 9, 1996, Mr. Phillips was seen at the Olympic Memorial Hospital Emergency Room, complaining of a sudden onset of sharp left upper chest pain (TR 227).  A treadmill of November 11, 1996, revealed no evidence for cardiac ischemia, and Mr. Phillips was discharged on November 11, 1996, on medication (TR 324-25). On February 27, 1997, Mr. Phillips was evaluated by Dr. Kritzer. (TR 239-40) Dr. Kritzer reported that Mr. Phillips' recurrent chest pain symptoms sounded like angina with a possible restenosis of

the vessel which had undergone surgical intervention. (TR 239) Dr. Kritzer suggested additional medication (TR 239). Dr. Kritzer also completed a physical evaluation for the Washington State Department of Social and Health Services, reporting that Mr. Phillips was limited to sedentary work due to his angina pectoris (TR 235-36). On July 9, 1997, Dr. Murphy rendered a medical assessment regarding Mr. Phillips' eligibility for medical assistance from the Office of Disability Insurance. (TR 251) It was Dr. Murphy's opinion that Mr. Phillips was disabled beginning on October 26, 1996, due to recurrent angina; status post angioplasty/artherectomy; HTN; and a history of alcoholism (TR 251).

Mr. Phillips filed an application for SSI disability benefits on March 4, 1998, claiming disability since April 15, 1993 (TR 86). This application was denied initially and upon reconsideration (TR 35, 40). No appeal was filed, and the ALJ did not reopen or revise this earlier application (TR 23). Mr. Phillips constructively filed a second application for SSI disability benefits on November 28, 2000 (TR 92, 93). This application was denied initially and upon reconsideration (TR 43, 49). Mr. Phillips timely filed a Request for Hearing (TR 52). Mr. Phillips' hearing was conducted by ALJ Robinson on November 18, 2002 (TR 502-531). Although a vocational expert was present at the request of the ALJ, Mr. Phillips was the only witness who testified at the hearing (TR 502, 504-05, 530-31). The ALJ rendered his unfavorable decision on May 16, 2003 (TR 20-30). Mr. Phillips timely filed a Request for Review with the Appeals Council (TR 16). In connection with the Request for Review, Mr. Phillips submitted legal argument and additional medical evidence (TR 18-19, 492-501). The Appeals Council made the legal argument and additional medical evidence part of the record (TR 13). On September 9, 2004, the Appeals Council issued its Notice of Appeals Council Action, denying Mr. Phillips' Request for Review (TR 10). Plaintiff filed the instant complaint on or about October 15, 2004.

In response to the complaint and in response to plaintiff's opening brief and arguments made therein, defendant concedes the ALJ erred in making her decision. Specifically, defendant agrees that the ALJ failed to properly evaluate whether or not plaintiff was capable of performing past relevant work and requests remand to have the opportunity to remedy this defect. In reply, plaintiff argues that remand for further proceedings is inappropriate and that the court should remand only for an award of benefits. After reviewing the record, this court finds that a remand for further proceedings is appropriate.

## DISCUSSION

1  The decision whether to remand a case for further proceedings or simply to award benefits is within
2  the discretion of the court. Harman v. Apfel, 211 F.3d 1172, 1176-1178 (9th Cir. 2000). An award of
3  benefits is appropriate when no useful purpose would be served by further administrative proceedings, or
4  when the record has been fully developed and there is not sufficient evidence to support the ALJ's
5  conclusion. Rodriguez v. Bowen, 876 F.2d 759, 763 (9th Cir. 1989). Remand is appropriate where
6  additional administrative proceedings could remedy defects. Id.; Bilby v. Schweiker, 762 F.2d 716, 719
7  (9th Cir. 1985) (*citing* Kail v. Heckler, 722 F.2d 1496, 1497 (9th Cir. 1984)). Where remand would only
8  delay the receipt of benefits, judgment for the claimant is appropriate. Rodriguez, 876 F.2d at 763.

9  Here the parties agree the ALJ erred when she evaluated Mr. Phillips ability to return to past work
10 as a glass-tempering oven-checker.   Plaintiff performed this job for a short time while he was in a work-
11 release program.  Plaintiff argues the inquiry is irrelevant due to the temporary nature of the job, but even
12 so, the administration should be given the opportunity to complete its review of this work and to proceed
13 to step-five to determine if plaintiff is capable of performing other jobs in the national economy. Remand
14 for further proceedings is appropriate where additional administrative proceedings could remedy defects.
15 Rodriguez v. Bowen, 876 F.2d 759, 763 (9th Cir. 1989); Bilby v. Schweiker, 762 F.2d 716, 719 (9th Cir.
16 1985) (*citing* Kail v. Heckler, 722 F.2d 1496, 1497 (9th Cir. 1984)).

17                                                                CONCLUSION

18  Based on the foregoing discussion, the administrative decision should be remanded for further
19 proceedings consistent with this decision. Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal
20 Rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written
21 objections. *See also* Fed.R.Civ.P. 6. Failure to file objections will result in a waiver of those objections for
22 purposes of appeal. Thomas v. Arn, 474 U.S. 140 (1985). Accommodating the time limit imposed by
23 Rule 72(b), the clerk is directed to set the matter for consideration on **September 9, 2005**, as noted in the
24 caption.

25  DATED this 11th day of August, 2005.

26                              /s/ J. Kelley Arnold
                                J. Kelley Arnold
27                              U.S. Magistrate Judge

28

REPORT AND RECOMMENDATION
Page - 3